### STATE OF CONNECTICUT *v.* EDWARD COLE
### (2815)

DUPONT, C. J., HULL and BORDEN, Js.

Argued April 9—decision released August 19, 1986

*Martin Zeldis,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Bernadette Conway,* special deputy assistant state's attorney, with whom, on the brief, were *John Bailey,* state's attorney, *Edward Spinella,* assistant state's attorney, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from the judgment of conviction rendered in accordance with the jury's verdict of guilty on one count of robbery in the first degree, a violation of General Statutes § 53a-134 (a) (4), and one count of attempted assault in the first degree, a violation of General Statutes § 53a-49 (a). The issues of this case are whether the trial court erred (1) in allowing the state to amend its information to charge the defendant with a more serious crime after the voir

dire of prospective jurors had begun, (2) in providing the jury with an overly broad definition of the crime of robbery in the first degree, and (3) in overruling the defendant's objection to the filing of an amended information in violation of Practice Book § 833 and in failing to instruct the jury on the essential elements of the crimes as charged in the bill of particulars.

It is essential to an understanding of the issues presented to describe certain facts which the jury could reasonably have found. It is also necessary to compare the state's two amended informations with the original information and to compare the bill of particulars filed with the third and last information.

The defendant and another person approached two men, John Vasquez and James Carrillo, on a public street. The defendant and his companion pointed guns at the victims and announced "this is a stick-up." They forced Vasquez into a nearby hallway where they struck him repeatedly and took $30 from his pocket. Carrillo, who had fled initially, returned to the scene in time to see the defendant exiting the hallway, whereupon the defendant fired a shot which barely missed him.

The defendant was originally charged in a three count information with the crimes of robbery in the first degree. See General Statutes § 53a-134; attempted assault in the first degree; see General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (3); and assault in the third degree. See General Statutes § 53a-61 (a) (1). The counts did not identify the victim of each crime. After the parties began the voir dire of prospective jurors, the state was allowed, over the defendant's objection, to amend the prior information. The court relied on Practice Book § 623 in overruling the objection.[1] This

---

[1] Practice Book § 623 provides in pertinent part: "If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information."

amendment altered the second count of attempted assault in the first degree by referring to General Statutes § 53a-59 (a) (1) rather than to General Statutes § 53a-59 (a) (3),[2] and altered the third count by charging the defendant with attempted assault in the first degree instead of assault in the third degree.[3] See General Statutes §§ 53a-49 and 53a-59 (a) (1). The amended information still did not specify the victim of each crime charged. During the presentation of the state's case, it filed another amended information which charged the defendant with only two crimes instead of three: one count of robbery in the first degree and one count of attempted assault in the first degree. According to the state, the charge of attempted assault in the first degree, which had been the second count of the first two informations, related to Vasquez, and that charge was dropped in the last amended information. Also according to the state, what had been the third count of the prior two informations related to Carrillo and was now the second count of the last information. The bill of particulars, filed the same day as the last amended information, stated that the defendant "displayed the use of what he represented by his words or conduct to be a pistol" during the commission of a robbery. It also stated that Vasquez was the victim of the robbery and that Carrillo was the victim of the

---

[2] General Statutes § 53a-59 defines assault in the first degree as follows: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person."

[3] Assault in the third degree is a class A misdemeanor. See General Statutes § 53a-61. Attempted assault in the first degree is a class B felony. See General Statutes §§ 53a-49, 53a-51 and 53a-59 (b).

attempted assault. The information and the bill of particulars were both submitted to the jury during their deliberations. The court, however, made no comment in its instructions about the relationship between the two documents, or about any discrepancy between the two.

I

The defendant claims that it was error for the trial court to allow the state to file an amendment to the original information after the trial had commenced, in contravention of Practice Book § 624. Practice Book § 624 provides in part: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information or indictment at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced."

The record indicates that the voir dire of the prospective jurors began on July 20, 1983. On July 22, 1983, the state amended the original information. As previously noted, the second count of the information was amended to charge a violation of General Statutes § 53a-59 (a) (1) rather than General Statutes § 53a-59 (a) (3), and the third count of the information was changed from a charge of assault in the third degree to attempted assault in the first degree. Before we evaluate the substantive effect of the July 22, 1983 amendment, we must first determine whether this amendment was made before or after the commencement of the trial. If the amendment of the information were made before the commencement of the trial, Practice Book § 623 would govern, but if the amendment were made after the commencement of the trial, Practice Book § 624 would apply.

A prosecutor has broad authority to amend an information prior to the commencement of the trial. Practice Book § 623. Once a trial has commenced, however, an amendment may be permitted with leave of the court only for good cause shown and "if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced." Practice Book § 624. Section 624 of the Practice Book is designed to protect a defendant's right to fair notice of the charges against him. See *State* v. *Jacobowitz,* 182 Conn. 585, 590, 438 A.2d 792 (1981). Relying on cases construing double jeopardy, the state argues that a criminal trial does not commence until the jury is impanelled and sworn. See *Crist* v. *Bretz,* 437 U.S. 28, 38–39, 98 S. Ct. 2156, 57 L. Ed. 2d 24 (1978) (Blackmun, J., concurring); *Illinois* v. *Somerville,* 410 U.S. 458, 471, 93 S. Ct. 1066, 35 L. Ed. 2d 425 (1973). The interests protected by the prohibition against double jeopardy, however, are not entirely the same as those embodied in Practice Book § 624.

The prohibition against multiple prosecutions protects the defendant from multiple penalties for the same offense or, if acquitted, from the repeated possibility of conviction as well as protection from the anxiety, embarrassment and expense incurred in defending a second trial. See *Benton* v. *Maryland,* 395 U.S. 784, 796, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); *State* v. *Couture,* 194 Conn. 530, 566, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985).

Those rules of practice relating to the amendment of an information seek to protect a defendant's right to fair and adequate notice of the charges against him so as to afford him an opportunity to prepare an adequate defense. See *State* v. *Young,* 191 Conn. 636, 644, 469 A.2d 1189 (1983); *State* v. *Jacobowitz,* supra. The purpose of an information is twofold. It ensures that

a defendant will be informed of the nature of the crime or crimes with which he is charged in order to enable him to prepare a defense and ensures that future criminal proceedings for the same offense or offenses will be avoided. *State* v. *Franko,* 199 Conn. 481, 490, 508 A.2d 22 (1986). The first purpose is not involved in the defendant's constitutional right not to twice be put in jeopardy for the same offense, but is involved in the defendant's constitutional right to fair notice of the charge or charges against him. Thus, the constitutional protections afforded by an information go beyond the protection against double jeopardy. It is the guaranty of fair notice with which we are here concerned, a guaranty distinct from that of the prohibition against double jeopardy.

An effective voir dire cannot be undertaken without knowing the particular offense with which the defendant is charged, including its penalty. The greater the penalty, the greater the need is to conduct an intensive voir dire. The risk of incarceration is greater or lesser depending upon the particular crime involved. Without proper notice of the precise charges against him, a defendant is hampered in the effective questioning of the veniremen to discover and evaluate any bias or prejudice which they may harbor as to the particular crime or crimes involved. It would be difficult to ask appropriate questions in an effort to discover such possible bias or prejudice unless the defendant has notice of the particular charges against him. The voir dire process is " 'an integral part' of the criminal trial . . . . " *State* v. *Gethers,* 197 Conn. 369, 375–76, 497 A.2d 408 (1985) (discussing the right to counsel).[4] We conclude, therefore, that for purposes of Practice Book

[4] While not controlling in the present case, Practice Book § 956E defines the commencement of a criminal trial to a jury as the commencement of the voir dire examination. Practice Book § 956E governs the tolling of time for the purpose of establishing a defendant's right to a speedy trial.

§§ 623 and 624, a criminal trial begins with the voir dire of the prospective jurors.

Having found that the amendment of July 22, 1983 was made after the commencement of trial, we must now determine whether it affected the substantive rights of the defendant. See Practice Book § 624. The third count of the amendment, which related to Carrillo, changed the original count of assault in the third degree to a charge of attempted assault in the first degree. After the trial has commenced, unless the original and the amended information charge the defendant with the same crime, "an amendment is permissible only to charge a lesser included offense." *State* v. *Jacobowitz,* supra, 590–91. Under *Jacobowitz,* an amendment which charges a new offense, but not a lesser included offense, is a substantive alteration of the information which is prohibited by Practice Book § 624. The count charging attempted assault in the first degree was a substantively different offense and was therefore an impermissible amendment.

Since that count of the information charging attempted assault in the first degree was invalid, the judgment of conviction as to it must be set aside and a judgment of not guilty directed. See, e.g., *State* v. *Jacobowitz,* supra, 593.

II

The defendant also claims that the trial court's instructions to the jury on robbery in the first degree were erroneous. He alleges that the instructions went beyond what was contained in the information, as modified by the bill of particulars. Specifically, he complains that while the bill of particulars stated that the defendant displayed a pistol, the court instructed the jury on the definition of other firearms listed in the statute. He asserts that such an overly broad instruction disregarded the limitations imposed by the state's bill of

particulars and may have misled the jury into believing that they could have found the defendant guilty had he used a weapon other than the pistol alleged in the bill of particulars.

It is axiomatic that an accused need defend against only those charges which have been properly alleged by the pleadings. *State* v. *Belton,* 190 Conn. 496, 501, 461 A.2d 973 (1983). Likewise, once "a bill of particulars has been filed . . . the state is limited to proving that the defendant has committed the offense in substantially the manner described." *State* v. *Ruiz,* 171 Conn. 264, 270, 368 A.2d 222 (1976); see *State* v. *Roque,* 190 Conn. 143, 155, 460 A.2d 26 (1983). In charging the jury on the elements of the offense, " '[w]e have disapproved the practice of reading an entire statute to a jury where under the pleadings or the evidence only a portion of it is applicable.' " *State* v. *Belton,* supra, 501. The court should not instruct the jury in the exact language of the statute where to do so might be misleading. Id., 501–502.

In the present case, the court instructed the jury in the exact language of General Statutes § 53a-134 (a) (1) and included the definition for the terms "pistol, revolver, rifle, shotgun, machine gun or other firearm . . . . " General Statutes § 53a-134 (a) (4); see General Statutes § 53a-3 (15) through (19). Since the bill of particulars specifically alleged a pistol, the court should have limited its instructions accordingly. Any error, however, which the court may have committed by failing to exclude inapplicable portions of the statute was harmless. " 'For an erroneous portion of a charge to be reversible error, the court must consider the whole charge and it must be determined, in appeals not involving a constitutional question, if it is reasonably *probable* that the jury were misled . . . and, in appeals involving a constitutional question, if it is reasonably *possible* that the jury were misled.' " (Emphasis

added.) *State* v. *Ruiz,* supra, 273. Under either analysis, the error was rendered harmless when the trial court effectively explained to the jury, after the definition of each weapon, that there was no allegation or evidence to show that the weapon used was anything other than a pistol. If we assume, as we must, that the jury followed the limitation on the instructions, it is neither reasonably possible nor probable that the extraneous instructions were misleading.

### III

The defendant's final claim of error is that the trial court erred in overruling the defendant's objection to the filing of the last amended information concurrently with the bill of particulars. The defendant's objection cites the state's failure to comply with Practice Book § 833, which provides that "[w]hen any bill of particulars is ordered, an amended or substitute information shall be filed incorporating its provisions."

Although the court erred by allowing the state to file an amended information which did not comport with Practice Book § 833, we conclude that the error was harmless because it could not reasonably have affected the verdict. See *State* v. *Murrell,* 7 Conn. App. 75, 91, 507 A.2d 1033 (1986).

In view of our conclusion that the judgment rendered as to count two of the information upon which the defendant was tried must be set aside, we need only discuss the alleged error as it relates to count one, the count of robbery in the first degree. While the bill of particulars and the information were consistent as to all of the essential elements of the crime charged, the bill of particulars was more detailed as to the events surrounding the alleged offense. The purpose of Practice Book § 833 is to ensure that the defendant be given fair notice of the charges against him. "When the state's pleadings have 'informed the defendant of the

charge against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and were definite enough to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense, they have performed their constitutional duty.' " *State* v. *Vincent,* 194 Conn. 198, 205, 479 A.2d 237 (1984).

In the present case, the defendant cannot argue reasonably that the state's failure to file its amended information in conformity with Practice Book § 833 deprived him of fair notice of the essential elements necessary for a conviction. Nor can the defendant reasonably argue that the submission of the bill of particulars and the information to the jury without any explanation, could have misled the jury.

The amended information submitted to the jury charged the defendant with robbery in the first degree, a violation of General Statutes § 53a-134 (a) (4). It stated that the robbery was committed in Hartford, on or about December 28, 1981. It also stated that while in the course of the commission of said robbery, the defendant "displayed or threatened to use what he represented by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . . " The bill of particulars alleged that the defendant, "on December 28, 1981, at approximately 11:30 a.m. on Hampton Street, Hartford, Connecticut," displayed the use of what he represented by his words or conduct to be a pistol in the course of the commission of a robbery. The bill of particulars also alleged that the defendant committed a robbery, a violation of General Statutes § 53a-133, in that he "threatened the immediate use of physical force upon John Vasquez for the purpose of preventing or overcoming resistance to" the permanent taking of a sum of money.

The only difference between the factual allegations made in the information and the factual allegations of the bill of particulars is that the latter pleading specifies the time of the offense, the street upon which the crime was committed, the name of the victim, and that the weapon used was a pistol. These additional facts were not disputed by the defendant because his defense was one of alibi. The defendant denied being at the scene of the crime and testified that he was washing clothes with his girlfriend during the morning of the commission of the crime. Her testimony corroborated his testimony. The name of the victim was irrelevant to his defense. Whether the jury used the information or the bill of particulars in determining if the defendant was guilty or not guilty of robbery in the first degree would not have changed the result under the facts in this case. We find, therefore, that the trial court's error could not reasonably have affected the jury's verdict.

There is no error on the first count, robbery in the first degree; there is error on the second count, attempted assault in the first degree, the judgment of conviction of attempted assault in the first degree is set aside and the case is remanded with direction to render judgment that the defendant is not guilty of that crime.

In this opinion the other judges concurred.