STATE OF CONNECTICUT *v.* JAMES R. WELCH, SR.
(9130)

O'CONNELL, NORCOTT and LAVERY, Js.

Argued April 23—decision released July 16, 1991

*Richard Emanuel,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom were *Roger Caridad,* deputy assistant state's attorney, and, on the brief, *Mark S. Solak,* state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from the judgment of conviction on two counts of sexual assault in the second degree in violation of General Statutes § 53a-71 and one count of risk of injury to a child in violation of General Statutes § 53-21. On appeal, the defendant claims (1) that his right to a fair trial was violated by the prosecutor's misconduct during the cross-examination of the defendant and during closing argument, (2) that his rights were violated when the court allowed the state to amend the information, after the commencement of trial, by adding an additional offense involving an additional victim, and (3) that the court should have given the missing witness charge requested by the defendant. We conclude that the trial court was incorrect in allowing the state to amend its information by adding an additional offense involving an additional victim after the jury was selected. The defendant's second claim is, therefore, dispositive of this appeal.

The facts pertinent to this issue are set forth below. The defendant was arrested by warrant on April 7, 1989, and charged in a short form information with risk of injury to a child on divers days from September, 1987, to November 24, 1988, in violation of General Statutes § 53-21, with sexual assault in the fourth degree on divers days over that same period in violation of General Statutes § 53a-73a,[1] and sexual assault in the second degree on divers dates over the same period in violation of General Statutes § 53a-71. No long form information was ever filed and a bill of particulars was neither requested by the defendant nor filed by the state.

---

[1] This count was subsequently withdrawn.

The voir dire of the jury commenced on November 30, 1989. During voir dire, the defendant understood that the charges in the information concerned only one victim, the defendant's daughter C. The jury selection was completed on December 1, 1989. On December 5, 1989, when the court was to begin taking evidence, the state announced that it was filing a substitute information and adding an additional count of sexual assault in the second degree on divers days from April, 1983, to November 24, 1988, in violation of General Statutes § 53a-71. The defendant pleaded not guilty to the additional count and the court read the substitute information to the jury which also changed the dates of the original three charges to divers days from April, 1983, to November 24, 1988. The defendant inquired about the change of dates after a conference with the court in chambers. The state then sought to withdraw the substitute information and file a new information changing the dates again to divers dates from February, 1987, to November 24, 1988.

The defendant objected to the changes in the information on two grounds. First, the defendant asserted that the jury had heard the April, 1983 dates and could speculate that there was prior misconduct. Second, the defendant complained that the addition of the second count of sexual assault in the second degree added the defendant's other daughter, S, as an additional victim and that, until the day testimony was to begin, he had been led to believe that there would be only one victim involved, not two. Over the defendant's objections, the court allowed the amendment and the defendant took an exception. The defendant moved to sever the additional count adding the second victim. That motion was denied.

The court proceeded by instructing the jury in the following manner: "The charges are the very same

charges that I read to you this morning. The only difference is that the state now alleges that the risk of injury charge took place on divers dates from February, 1987, to November 24, 1988, that the sexual assault in the fourth degree charge took place on divers dates from May, 1987, to November 24, 1988, that the first sexual assault charge took place on divers dates from February, 1987, to November 24, 1988, and that the second sexual assault charge took place on divers dates from February, 1987, to November 24, 1988."

The state has broad authority under Practice Book § 623 to amend an information prior to trial. Once the trial commences, however, the state is limited by Practice Book § 624 in amending the information. The rules of practice provide: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information . . . at any time before a verdict or finding if *no additional or different offense is charged* and no substantive rights of the defendant would be prejudiced . . . ." (Emphasis added.) Practice Book § 624; *State* v. *Jacobowitz,* 182 Conn. 585, 590, 438 A.2d 792 (1981); *State* v. *Ignatowski,* 10 Conn. App. 709, 714, 525 A.2d 542, cert. denied, 204 Conn. 812, 528 A.2d 1157 (1987); *State* v. *Cole,* 8 Conn. App. 545, 550, 513 A.2d 752 (1986). "The state's right to amend must be limited to substitutions that do not charge the defendant with an additional or different offense because the defendant has a constitutional right to fair notice, prior to the commencement of trial, of the charges against which he must defend himself." *State* v. *Jacobowitz,* supra. The law is firmly established that for purposes of Practice Book § 624, criminal trials begin with the voir dire of the prospective jurors. *State* v. *Ignatowski,* supra; *State* v. *Cole,* supra, 551–52.

The jury selection in this case had been completed prior to the amendment of the information. This case

is, therefore, controlled by the restrictions of Practice Book § 624. The trial court, in allowing the amendment of the information adding another offense after the jury was chosen, violated Practice Book § 624. Although the state acknowledges that the amendment violated the § 624 proscriptions against charging an additional offense following the commencement of the trial, it claims that the error is not reviewable because the defendant did not distinctly raise the issue at trial, and did not preserve his claim that the lack of notice of the additional charge impaired his ability to conduct an effective voir dire of the veniremen. In addition, the state claims that the defendant did not meet the standards for review under *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), or the plain error doctrine. We do not agree.

It is not necessary for us to embark into either a *Golding* or plain error analysis because the issue was properly preserved for appeal by the defendant's timely objection and exception at trial. The defendant objected and excepted to the late amendment on the ground of lack of notice when the issue was first raised. The impaired voir dire claim is not an essential component or specification of the objection to an on-trial amendment that violates Practice Book § 624 but rather constitutes the type of prejudice or harm to the defendant that results from the lack of notice. The defendant cannot undertake an effective voir dire without first being apprised of the particular offenses with which he is charged as well as the penalty for such offenses. The more severe the offenses, and the greater the penalty, the greater the need to conduct an intensive voir dire. Unless the defendant has proper notice of the precise charges against him, he is hampered in his ability to question the veniremen effectively to uncover and analyze any bias or prejudice that they may harbor as

to the particular crime or crimes involved. *State* v. *Cole,* supra, 551. In this case, the defendant was highly prejudiced because the additional count not only violated his notice rights but also added another victim.

Because the added count of the information charging sexual assault in the second degree is invalid, the judgment of conviction as to it must be set aside and a judgment of not guilty directed. *State* v. *Jacobowitz,* supra, 593; *State* v. *Cole,* supra, 552. Because the improper amendment impaired the voir dire process, it could have contributed to the defendant's convictions on the original counts. The defendant makes no jeopardy claim that the evidence to support the guilty verdicts on those counts was insufficient; therefore, the judgments of conviction of risk of injury to a child and sexual assault in the second degree involving C are also set aside, and the case is remanded for a new trial. *State* v. *Ignatowski* supra, 717.

We need not review the other two claims raised by the defendant because the issue discussed above is dispositive of the appeal.

The judgment is reversed and the case is remanded with direction to render a judgment of not guilty on the added count of sexual assault in the second degree, and for a new trial on the original counts.

In this opinion the other judges concurred.