## STATE OF CONNECTICUT *v.* JAMES R. WELCH, SR. (14380)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and F. X. HENNESSY, Js.

Argued September 24—decision released October 27, 1992

1

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *Mark S. Solak,* state's attorney, and *Roger Caridad,* deputy assistant state's attorney, for the appellant (state).

*Richard Emanuel,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellee (defendant).

PETERS, C. J. In this criminal appeal, the only certified issue is whether the improper addition of another count to the charges confronting a defendant should result in a mandate to the trial court directing an acquittal or a new trial on the added count. The state charged the defendant, James R. Welch, Sr., with two counts of sexual assault in the second degree in violation of General Statutes § 53a-71, one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a, and one count of risk of injury to a child in violation of General Statutes § 53-21. A jury convicted the defendant of all counts except the charge of sexual assault in the fourth degree, which the state had withdrawn. The trial court rendered judgment sentencing the defendant in accordance with the jury verdict, and he appealed to the Appellate Court. *State* v. *Welch,* 25 Conn. App. 270, 594 A.2d 28 (1991).

The Appellate Court determined that the defendant's conviction should be set aside. That court ruled that, after jury selection had been completed, Practice Book § 624[1] required the trial court to sustain the defendant's objection to the state's request to amend the information by adding a second count of sexual assault involving another victim.[2] Id., 273–74. To remedy the prejudice to the defendant caused by the lack of timely notice of all the charges against him, the Appellate Court ordered a new trial on the original count of sexual assault in the second degree and on the count of risk of injury to a child. Id., 274–75. These rulings are not at issue before us.

The Appellate Court also held that, "[b]ecause the added count of the information charging sexual assault in the second degree is invalid, the judgment of conviction as to it must be set aside and a judgment of not guilty directed." Id., 275. The Appellate Court felt bound to order this rescript because of the holding of this court in *State* v. *Jacobowitz*, 182 Conn. 585, 594, 438 A.2d 792 (1981). At the request of the state, we granted certification to reconsider the merit of our decision in *State* v. *Jacobowitz*, supra, in which, in similar circumstances, we had ruled that a defendant was

[1] Practice Book § 624 provides: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information or indictment at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant."

[2] The defendant also challenged his conviction on several additional grounds. The Appellate Court determined that it had no need to reach these alternate grounds for reversal. *State* v. *Welch*, 25 Conn. App. 270, 275, 594 A.2d 28 (1991). With respect to the counts with which the defendant was originally charged, the court noted that the defendant had advanced no claim that the state had adduced insufficient evidence to support the guilty verdict. Id. The defendant similarly failed to challenge in the Appellate Court the sufficiency of the evidence to support his conviction on the improperly added count of sexual assault.

entitled on remand to a direction of acquittal with respect to a count improperly added to other charges of which the defendant had had proper notice. We now overrule that part of our holding in *State* v. *Jacobowitz,* supra, and amend the remand ordered by the Appellate Court, so that the defendant may be retried on the added count charging him with sexual assault in the second degree in addition to the other counts on which the Appellate Court ordered his retrial.[3]

When the state amends an information after the commencement of trial to add a new count that is not a lesser included offense of any count with which the defendant has properly been charged, the state violates both Practice Book § 624 and the defendant's due process right to notice. *State* v. *Jacobowitz,* supra, 590–91. A reversal of the conviction or grant of a mistrial because of the improper amendment does not, however, preclude the state from retrying the defendant. Just as the constitutional principle against double jeopardy does not bar the state from retrying a defendant whose initial trial is set aside because of a defective probable cause hearing; *State* v. *Boyd,* 221 Conn. 685, 697, 607 A.2d 376 (1992); or a defective information or indictment; *Montana* v. *Hall,* 481 U.S. 400, 404, 107 S. Ct. 1825, 95 L. Ed. 2d 354 (1987); *Illinois* v. *Somerville,* 410 U.S. 458, 469, 93 S. Ct. 1066, 35 L. Ed. 2d 425 (1973); so the state may retry the defendant in this case.

The defendant maintains, however, that a new trial, with proper notice of all the charges against which he

---

[3] The order on the state's petition for certification to appeal was granted limited to the following issue: "Following a reversal of a judgment of conviction on the ground that a count was improperly added under Practice Book § 624, should the rescript direct a judgment of acquittal on remand, as was done in *State* v. *Jacobowitz,* 182 Conn. 585, 594 [438 A.2d 729 (1981)], or should it direct a new trial on that count?" *State* v. *Welch,* 220 Conn. 924, 598 A.2d 366 (1991). The Appellate Court's order for a new trial on the original counts, therefore, is not before us.

must defend, will not vindicate the right to due process that was violated by the improper amendment. He maintains that the improperly added count: (1) increased his exposure to punishment; (2) impaired his voir dire of the jurors who tried him; (3) led to an enhancement of his sentence; and (4) deprived him of a fair chance of an acquittal. We are not persuaded. The defendant has no claim to immunity from the improperly added count when that count could have been prosecuted separately. The sentence of which the defendant complains has been entirely set aside by the judgment of the Appellate Court. Finally, a new trial will provide the defendant with both a renewed opportunity to voir dire prospective jurors and a renewed fair chance of acquittal. The remedy for a defendant who successfully challenges his conviction on the ground of wrongfully admitted evidence, such as an identification or a confession that should have been suppressed, and whose due process rights were, therefore, violated, is not an acquittal but a new trial. See *Lockhart* v. *Nelson,* 488 U.S. 33, 38, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988). This rule obtains even in cases where the reviewing court concludes that, without the erroneously admitted evidence, there was insufficient evidence to support a conviction. Id. Accordingly, although the Practice Book violation in this case involves the defendant's constitutional rights of due process, that violation warrants no more than a new trial.

The defendant contends finally that stare decisis suggests our continued adherence to the rule of *State* v. *Jacobowitz,* supra. That principle might control if the rescript in *State* v. *Jacobowitz,* supra, had resulted from a careful judicial consideration of competing values, honed by the thoughtful arguments of the litigants then before the court. The briefs in *State* v. *Jacobowitz,* supra, focused, however, on the propriety of the state's amendment of the information and not on the remedy

that should follow upon a determination that such an impropriety had occurred. The court did not undertake an independent inquiry into the remedial consequences of a violation of Practice Book § 624. In these circumstances, we should not perpetuate the oversight that led to an incorrect rescript in *State* v. *Jacobowitz,* supra. Cf. *Brunswick* v. *Inland Wetlands Commission,* 222 Conn. 541, 554–55, 610 A.2d 1260 (1992).

The judgment of the Appellate Court is reversed insofar as it directed a judgment of acquittal on the added count of sexual assault in the second degree and the case is remanded to that court with direction to issue a new rescript in accordance with this opinion.

In this opinion the other justices concurred.