STATE OF CONNECTICUT *v.* MARTIN CROWELL
(14778)

CALLAHAN, BORDEN, BERDON, NORCOTT and LANDAU, Js.

Argued November 4, 1993—decision released January 25, 1994

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Elpedio N. Vitale,* assistant state's attorney, for the appellant (state).

*Temmy Ann Pieszak,* assistant public defender, for the appellee (defendant).

BERDON, J. The sole issue in this appeal is whether the seven year limitation period in General Statutes (Rev. to 1993) § 54-193a[1] may be applied to the child sex abuse offenses that were allegedly committed by the defendant, Martin Crowell. Section 54-193a took

---

[1] General Statutes (Rev. to 1993) § 54-193a provides: "Notwithstanding the provisions of section 54-193, no person may be prosecuted for any offense involving sexual abuse, sexual exploitation or sexual assault of a minor except within two years from the date the victim attains the age of majority or seven years after the commission of the offense, whichever is less, provided in no event shall such period of time be less than five years after the commission of the offense."

Number 93-340, § 11, of the 1993 Public Acts, which took effect October 1, 1993, amended § 54-193a to provide: "Notwithstanding the provisions of section 54-193, no person may be prosecuted for any offense involving sexual abuse, sexual exploitation or sexual assault of a minor except within two years from the date the victim attains the age of majority or within five years from the date the victim notifies any police officer or state's attorney acting in his official capacity of the commission of the offense, whichever is earlier, provided in no event shall such period of time be less than five years after the commission of the offense."

effect after the offenses were allegedly committed, but before the expiration of the five year limitation period of General Statutes § 54-193 (b),[2] which originally had applied to such offenses. The trial court, *Ronan, J.,* held that § 54-193a could not be applied retrospectively to the alleged offenses in light of this court's decision in *State* v. *Paradise,* 189 Conn. 346, 456 A.2d 305 (1983). Because the original five year limitation period had expired before the initiation of the prosecution of the defendant for the alleged offenses, the trial court dismissed the charges against the defendant. We affirm.[3]

The essential facts are undisputed. The defendant was arrested on November 18, 1991, on charges that he had sexually abused a young boy. The information filed by the state charged the defendant with: two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1);[4] one count of criminal attempt to commit sexual assault in the first degree in violation of § 53a-70 (a) (1) and General Statutes § 53a-49;[5] two counts of sexual assault in the second

---

[2] General Statutes § 54-193 (b) provides in relevant part: "No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. . . ."

[3] Because of this disposition, we need not consider the defendant's alternative grounds for affirmance of the judgment of the trial court. The defendant claims that the application of General Statutes § 54-193a to him would violate article first, §§ 8 and 9, of the Connecticut constitution, and also the equal protection provisions of both the state and federal constitutions.

[4] General Statutes § 53a-70 (a) (1) provides: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[5] General Statutes § 53a-49 provides in relevant part: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were

degree in violation of General Statutes (Rev. to 1993) § 53a-71 (a) (1);[6] one count of criminal attempt to commit sexual assault in the second degree in violation of §§ 53a-71 (a) (1) and 53a-49; and three counts of risk of injury to a child in violation of General Statutes § 53-21.[7] The state alleged that all of the offenses were committed between April and June, 1986, when the victim was five years old. The victim did not reveal that the alleged offenses had occurred until October, 1991.

The statute in effect at the time the alleged offenses were committed, § 54-193 (b), provided for a five year limitation period. That period expired even before the alleged victim came forward. Prior to the five year period expiring, however, the legislature enacted § 54-193a, which took effect on October 1, 1990. Section 54-193a provides a seven year limitation period for child sexual abuse offenses that are committed under circumstances like those of the present case.

On July 29, 1992, the defendant filed a motion to dismiss the charges against him claiming that the prosecution was time barred because: (1) the original five year statute of limitations expired before prosecution of the alleged offenses commenced; and (2) the newer

as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[6] General Statutes (Rev. to 1993) § 53a-71 (a) provides in relevant part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . ."

Section 53a-71 was amended by No. 93-340, § 2, of the 1993 Public Acts, which took effect October 1, 1993.

[7] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

seven year statute of limitations could not be applied in view of *State* v. *Paradise,* supra. The trial court agreed with the defendant and granted the motion to dismiss. The state appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We now affirm.

In *State* v. *Paradise,* supra, 352–53, we held that "statutes of limitation in criminal cases are to be construed liberally in favor of the accused . . . [and] are not to be accorded retrospective effect absent language clearly necessitating such a construction . . . ." The defendants in *Paradise* were arrested in 1981 on charges that they had committed a murder in 1974. The statute of limitations in effect at the time of the murder was five years. The legislature amended the statute in 1976 to eliminate the limitation period for the prosecution of murder and certain other felonies. Id., 347–48. These facts make clear that in *Paradise,* we considered the identical issue raised in this appeal, that is, whether a new statute of limitations may be applied to an offense committed prior to its effective date, where the new statute takes effect before the original statute of limitations expires.

The state concedes that the trial court was required, under *Paradise,* to dismiss the charges against the defendant because neither the language nor the legislative history of § 54-193a indicates that the legislature intended the statute to have a retrospective effect. The state claims, however, that *Paradise* was "based on the faulty premise that the newer statute of limitations was sought to be applied 'retroactively' " and therefore should be overruled. The state claims alternatively that "the rules of statutory construction that underlie the holding in *Paradise* are inapplicable" because

"§ 54-193a is a remedial statute that must be construed in favor of child sex abuse victims." We reject both of these arguments.

I

The state first claims that *Paradise* was based on the faulty premise that a statute of limitations that extends a previous limitation period before that previous period has expired is "retroactive." The state claims that the application of an extended statute of limitations is not retroactive as long as the original limitation period has not expired. The state claims that to be "retroactive," a statute must affect a "vested right" that existed on the date it took effect. Because a defendant has no right to a statute of limitations defense while the original limitation period remains unexpired, a new statute of limitations that takes effect before the original limitations period has expired does not affect a vested right and therefore cannot be retroactive. Therefore, the state argues, the *Paradise* court's "reliance on rules of statutory construction pertaining to retroactivity is misplaced and should be reconsidered." We disagree.

We note, first, that this same "vested right" argument was made by the state in *Paradise* and rejected by this court. See *State* v. *Paradise,* Conn. Supreme Court Records & Briefs, Dec. Term, 1982, Pt. 2, State's Brief pp. 5–8, 13–14. Therefore, this is not a case like *State* v. *Welch,* 224 Conn. 1, 615 A.2d 505 (1992), in which we overruled part of the holding of an earlier case. In *Welch,* we reviewed the briefs submitted in the earlier case and discovered that an issue underlying part of the holding in the case had not been independently briefed by the parties and considered by the court. Id., 5–6. We concluded, therefore, that this part of the holding had not "resulted from a careful judicial consideration of competing values, honed by the thoughtful arguments of the litigants then before the court." Id., 5.

Unlike the situation in *Welch,* in *State* v. *Paradise,* supra, the state briefed the same argument it relies on in the present appeal. Further, we disagree with the state's claim that in *Paradise,* this court mistakenly relied on rules of statutory construction pertaining to retroactivity. In *Paradise,* we relied principally on the case of *State* v. *Jones,* 132 Conn. 682, 47 A.2d 185 (1946). The statute at issue in *Jones* required the court before which any case involving a certain type of offense was pending to order an examination of the defendant for venereal disease. Id., 684. The statute took effect one month after the defendant allegedly committed the offense, but nine months before he was arrested. Id., 683–84. Under the state's analysis, the statute in *Jones* would not be "retroactive" because the defendant did not acquire any "vested right" not to be examined before the statute took effect. Nevertheless, the court in *Jones* held that the statute could not be applied to a defendant whose offense was committed prior to the effective date of the statute, based on the principle that "in a criminal case a retrospective construction of a statute should not be adopted unless its language clearly makes such a construction necessary." (Internal quotation marks omitted.) Id., 685.

After a thorough consideration of the parties' arguments in *State* v. *Paradise,* supra, and the reasoning behind that decision, we conclude that it should not be overruled. The holding in *Paradise* was based firmly on the principle that criminal statutes must be strictly construed; id., 352; not, as the state claims, on a technical misunderstanding of the nature of retroactivity. For this reason, we also reject the state's suggestion that our recent decision in *Roberts* v. *Caton,* 224 Conn. 483, 619 A.2d 844 (1993), undermines our holding in *Paradise.* In *Roberts,* we held that an extended *civil* statute of limitations could be applied to the plaintiff's

suit even though the original limitations period expired before the extended statute took effect, rejecting the defendant's claim that he had a vested right in the lapsing of the original statute. Id., 492. *Roberts* is not inconsistent with *Paradise.* In *Paradise,* we specifically stated that "[w]hile we affirm the continued vitality and utility of the principle that procedural statutes will be applied retrospectively absent a contrary legislative intent in the *civil* field, we recognize that the principle's application in the *criminal* realm is limited." *State* v. *Paradise,* supra, 351. Therefore, *Roberts* v. *Caton,* supra, is inapposite.

## II

We next consider the state's claim that the rules of statutory construction that underlie the holding in *Paradise* should not be applied to § 54-193a because this statute is remedial and must be construed in favor of child sex abuse victims. The state claims that § 54-193a is remedial in that "it seeks to correct a deficiency in the prior law—i.e., a limitation period that was not sufficiently long enough to enable society to redress certain wrongs perpetrated on its children."

We have long held that " '[c]riminal statutes are not to be read more broadly than their language plainly requires . . . .' *State* v. *McGann,* 199 Conn. 163, 177, 506 A.2d 109 (1986); see also *State* v. *White,* 204 Conn. 410, 424, 528 A.2d 811 (1987); *State* v. *Dolphin,* 203 Conn. 506, 523, 525 A.2d 509 (1987). Moreover, '[a] penal statute must be construed strictly against the state and liberally in favor of the accused. *State* v. *Paradise,* 189 Conn. 346, 352, 456 A.2d 305 (1983).' *State* v. *Torres,* 206 Conn. 346, 355, 538 A.2d 185 (1988); see also *State* v. *Bunkley,* 202 Conn. 629, 641, 522 A.2d 795 (1987)." *State* v. *Russell,* 218 Conn. 273, 277–78, 588 A.2d 1376 (1991). " '[A]mbiguities are ordinarily to be resolved in favor of the defendant.' *State* v.

*McGann,* [supra, 177]; *State* v. *Russell,* [supra, 277–78]; *State* v. *Whiteman,* 204 Conn. 98, 101, 526 A.2d 869 (1987) (penal statutes should be strictly construed in favor of the accused)." *State* v. *Hinton,* 227 Conn. 301, 317, 630 A.2d 593 (1993).

These general rules of construction for criminal statutes are further reinforced by the specific command of *State* v. *Paradise,* supra, that "criminal statutes [of limitations] are not to be accorded retrospective effect absent language clearly necessitating such a construction . . . ." Id., 353. We presume that the legislature is aware of the judicial construction placed upon its enactments. *Cappellino* v. *Cheshire,* 226 Conn. 569, 576, 628 A.2d 595 (1993); *Lumbermens Mutual Casualty Co.* v. *Huntley,* 223 Conn. 22, 30, 610 A.2d 1292 (1992). *State* v. *Paradise,* supra, put the legislature on notice that if it intends that a new criminal statute of limitations should apply retrospectively, it must make that intent clear. The state cannot point to anything in the language of the statute or in its legislative history that expresses such an intent. Therefore, we must interpret the legislature's silence to mean that § 54-193a was not intended to be applied retrospectively. The liberal construction urged by the state is therefore unwarranted.

The judgment is affirmed.

In this opinion the other justices concurred.