STATE OF CONNECTICUT *v.* GERALD IGNATOWSKI
(4307)
(4308)

DUPONT, C. J., DALY and BIELUCH, Js.

Argued January 5—decision released May 12, 1987

*Donald D. Dakers,* public defender, for the appellant (defendant).

*Harry Weller,* deputy assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, *Mary Galvin,* assistant state's attorney, and *John Sheedy,* legal intern, for the appellee (state).

BIELUCH, J. This is a combined appeal by the defendant from two judgments of conviction rendered upon separate informations which were combined for trial. The jury found the defendant guilty on a first substitute information[1] of sexual assault in a cohabiting relationship, in violation of General Statutes § 53a-70b (b),[2] and assault in the third degree, in violation of General Statutes § 53a-61 (a).[3] The defendant was also found

---

[1] These convictions were based upon the two counts charged in the state's substitute information for offenses alleged to have occurred in Branford on May 23, 1984, hereinafter referred to as the first information.

[2] General Statutes § 53a-70b (b) provides: "No spouse or cohabitor shall compel the other spouse or cohabitor to engage in sexual intercourse by the use of force against such other spouse or cohabitor, or by the threat of the use of force against such other spouse or cohabitor which reasonably causes such other spouse or cohabitor to fear physical injury."

[3] General Statutes § 53a-61 (a) provides: "A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2)

guilty on a second amended substitute information[4] of assault in the third degree, in violation of General Statutes § 53a-61 (a), and three counts of sexual assault in the first degree, in violation of General Statutes § 53a-70 (a).[5] He was acquitted of three additional counts in this second information charging him with sexual assault in a cohabiting relationship, in violation of General Statutes § 53a-70b (b).[6] The defendant's sole claim of error on appeal is that the trial court erred in allowing the state to add three counts of sexual assault in a cohabiting relationship, in violation of General Statutes § 53a-70b (b), to an information alleging these same acts as sexual assault in the first degree, in violation of § 53a-70 (a), after the trial had been commenced by the selection of the jury.[7]

The relevant facts are not in dispute. On May 24, 1984, the defendant was charged by information in the Superior Court, geographical area number eight, with sexual assault in the first degree, in violation of General Statutes § 53a-70, alleged to have occurred on

---

he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.''

[4] These convictions were based upon the four counts charged in the state's substitute information for offenses alleged to have occurred in New Haven on September 17 and 18, 1984, hereinafter referred to as the second information.

[5] General Statutes § 53a-70 (a) provides: "A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

[6] These charges were added as the fifth, sixth and seventh counts to the substitute information on November 2, 1984.

[7] The defendant filed a supplemental brief alleging error in the trial court's instructions to the jury. See *State* v. *Rodgers,* 198 Conn. 53, 502 A.2d 360 (1985). At oral argument before this court, counsel for the defendant expressly waived this claim of error.

May 23, 1984. On September 19, 1984, the defendant was charged by information in the Superior Court, geographical area number six, with three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), for acts upon the same victim occurring on September 18, 1984. These two cases were subsequently joined for trial in the judicial district of New Haven pursuant to General Statutes § 54-57.[8]

By a substitute information, dated July 13, 1984, the first information was amended to charge the defendant with sexual assault in a cohabiting relationship, in violation of General Statutes § 53a-70b (b), and assault in the third degree, in violation of General Statutes § 53a-61 (a). On October 30, 1984, the state filed a substitute information, which amended the second information. The first count charged the defendant with assault in the third degree on September 17, 1984, in violation of General Statutes § 53a-61 (a). Counts two, three and four continued to charge the defendant with sexual assault in the first degree on September 18, 1984, in violation of General Statutes § 53a-70 (a). Prior to the selection of the jury, the defendant disclosed that he would rely on the affirmative defense of cohabitation as to the three sexual assault charges. General Statutes § 53a-67 (b);[9] *State* v. *Preyer*, 198 Conn. 190, 193, 502 A.2d 858 (1985) (cohabitation is an affirmative defense to sexual assault in the first degree, General Statutes § 53a-70 [a]).

---

[8] General Statutes § 54-57 provides: "Whenever two or more cases are pending at the same time against the same party in the same court for offenses of the same character, counts for such offenses may be joined in one information unless the court orders otherwise."

[9] General Statutes § 53a-67 provides in relevant part: "AFFIRMATIVE DEFENSES. . . . (b) In any prosecution for an offense under this part, except an offense under section 53a-70b, it shall be an affirmative defense that the defendant and the alleged victim were, at the time of the alleged offense, living together by mutual consent in a relationship of cohabitation, regardless of the legal status of their relationship."

After the jury had been chosen, the state on November 2, 1984, supplemented the second information by adding, as counts five through seven, three counts of sexual assault in a cohabiting relationship, in violation of General Statutes § 53a-70b (b). The defendant's motion to strike the additional counts as improper under Practice Book § 624[10] was denied. The defendant thereafter pleaded not guilty to the three new charges and the two cases proceeded to a joint trial.

After a trial to the jury, the defendant was found guilty on both counts of the first information, sexual assault in a cohabiting relationship and assault in the third degree. On the second information, the defendant was found guilty of assault in the third degree, and three counts of sexual assault in the first degree. He was found not guilty of the three added counts of sexual assault in a cohabiting relationship. The defendant was sentenced to an effective term of twenty years, suspended after eight years. Thereafter, he filed these appeals, which were subsequently consolidated.

The only issue in this case is whether the trial court erred when it allowed the state to add three additional charges[11] to the second information after the jury had been selected. "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information . . . at any time before a verdict or finding if no *addi-*

---

[10] Practice Book § 624 provides: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information or indictment at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant."

[11] Practice Book § 623 provides: "If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information. Upon motion of the defendant, the judicial authority, in his discretion, may strike the amendment or added counts or substitute information, if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced."

*tional or different offense* is charged and no substantive rights of the defendant would be prejudiced." (Emphasis added.) Practice Book § 624. "A prosecutor has broad authority to amend an information prior to the commencement of the trial. Practice Book § 623. Once a trial has commenced, however, an amendment may be permitted with leave of the court only for good cause shown and 'if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced.' Practice Book § 624." *State* v. *Cole,* 8 Conn. App. 545, 550, 513 A.2d 752 (1986). For purposes of Practice Book § 624, a criminal trial begins with the voir dire examination of the prospective jurors. Id., 551–52; see Practice Book § 956E (for measuring speedy trial time, the "commencement of trial" in jury cases means the commencement of the voir dire examination of venirepersons). The state on appeal now concedes that "the defendant's information was amended at an improper time." It is also undisputed that the amendment to the second information charged the defendant with three additional and different crimes than the four offenses charged in the previously outstanding substitute information. See *State* v. *Preyer,* supra, 193–94 (sexual assault in the first degree, General Statutes § 53a-70, and sexual assault in a spousal or cohabiting relationship, General Statutes § 53a-70b (b) are "statutorily separate and distinct" offenses). We conclude, therefore, that the trial court erred when it allowed the state to charge the defendant with the three additional violations under General Statutes § 53a-70b (b), counts five, six and seven of the second information, after the trial had commenced. See Practice Book § 624; *State* v. *Cole,* supra, 551–52; see also *State* v. *Kitt,* 8 Conn. App. 478, 485–86, 513 A.2d 731 (1986), cert. denied, 202 Conn. 801, 519 A.2d 1206 (1987); cf. *State* v. *Wallace,* 181 Conn. 237, 239, 435 A.2d 20 (1980).

The state argues that the error was harmless because the jury determined that the defendant was not guilty of the three counts of sexual assault in a cohabiting relationship which were improperly added. While it is true that a verdict of not guilty may render nugatory certain defects in a criminal trial; see, e.g., *State* v. *Shipman,* 195 Conn. 160, 162, 486 A.2d 1130 (1985); *State* v. *Grant,* 8 Conn. App. 158, 163–64, 511 A.2d 369 (1986); *State* v. *Riggs,* 7 Conn. App. 180, 187, 508 A.2d 67, cert. denied, 200 Conn. 804, 510 A.2d 191 (1986); such an override of a defect at trial will occur only where the error does not contribute to the defendant's conviction on the remaining properly presented charges. Since the improper addition of three separate and distinct offenses to the outstanding information after the commencement of trial implicates the defendant's constitutional right to fair notice of the charges against him; see *State* v. *Jacobowitz,* 182 Conn. 585, 590, 438 A.2d 792 (1981); see also *State* v. *Belton,* 190 Conn. 496, 501, 461 A.2d 973 (1983); *State* v. *Carter,* 189 Conn. 631, 646, 458 A.2d 379 (1983); *State* v. *Kitt,* supra; the state must prove such error was harmless beyond a reasonable doubt. *State* v. *Cohane,* 193 Conn. 474, 484–85, 479 A.2d 763, cert. denied, 469 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984).

The record demonstrates that the defendant's conviction upon the first information charging him with assault in the third degree and sexual assault in a cohabiting relationship, was not affected by the improper addition of charges to the second information. The record indicates that the first information was not amended after the trial had commenced. The defendant, therefore, was provided with adequate notice of the charges against him and a proper opportunity to prepare a defense. The improper additions to the second information did not compromise his ability to defend the charges set forth in the first information.

The error, therefore, was harmless as to the defendant's conviction of the charges in the first information. The same, however, cannot be said of his conviction on counts two, three and four as contained in the second information before its expansion by amendment with the three additional charges of which he was acquitted.

Counts one through four of the second information charged the defendant with one count of assault in the third degree and three counts of sexual assault in the first degree. Just prior to the commencement of trial, the defendant disclosed his intention to assert the defense of cohabitation to the three counts of sexual assault in the first degree. See General Statutes § 53a-67 (b).[12] By adding the three counts of sexual assault in a cohabiting relationship, the state concedes in its brief "that the amendment may have forced the defendant into a *last minute Hobson's choice* to either: (1) assert the defense of cohabitation[13] and run the risk of proving an element of the alternative charges [in counts five, six and seven]; or (2) forego the defense entirely." (Emphasis added.) The state, by its improper addition of charges after the trial had commenced, unfairly prejudiced the defendant's ability to present a statutory affirmative defense to the three charges of sexual assault in the first degree. By placing the defendant in such a quandary, the defendant's affirmative defense to the three charges of sexual assault in the first degree was effectively denied him to his prejudice, resulting in an unfair trial. His defenseless position may have contributed to the jury's verdict of guilty

---

[12] See footnote 9, supra.

[13] After the enactment of General Statutes § 53a-70b and the amendment of General Statutes § 53a-67 (b) by Public Acts 1981, No. 81-27, cohabitation is still a valid affirmative defense whenever there is an accusation of sexual assault in the first degree, a violation of General Statutes § 53a-70 (a). *State* v. *Preyer,* 198 Conn. 190, 195–96, 502 A.2d 858 (1985).

on the three counts of sexual assault in the first degree. See *State* v. *Mitchell,* 200 Conn. 323, 341, 512 A.2d 140 (1986). We cannot say, therefore, that the error was harmless beyond a reasonable doubt as to the defendant's conviction on counts two, three and four of the second information, all of which charged sexual assault in the first degree, in violation of General Statutes § 53a-70 (a). The error, however, could not have affected the defendant's conviction on the first count, assault in the third degree, and was, therefore, harmless as to that conviction.

Because the error could have reasonably contributed to the defendant's conviction on the three counts of sexual assault in the first degree, that portion of the judgment of conviction must be set aside. There is no claim by the defendant, or indication from the record, that the evidence was insufficient to support the verdicts of guilty on counts two, three and four. Therefore, on a remand for a new trial, the defendant would not be subject to double jeopardy. See *United States* v. *Scott,* 437 U.S. 82, 90-91, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978). Unlike *State* v. *Jacobowitz,* supra, 593, and *State* v. *Cole,* supra, 552, where the defendants were convicted of improper charges, and upon reversal judgments of not guilty were directed on remand, the defendant here was convicted improperly of proper charges. Therefore, our remand shall be for a new trial as properly requested by the defendant.

There is no error in the first appeal (4307). There is error in part in the second appeal (4308), the judgment of conviction as to counts two, three and four is set aside and the case is remanded for a new trial on those counts only.

In this opinion the other judges concurred.