STATE OF CONNECTICUT *v.* CARL STEVE
(4861)

DUPONT, C. J., DALY and BIELUCH, Js.

Argued March 31—decision released August 4, 1987

*Denise Dishongh,* with whom, on the brief, was *Louis S. Avitabile,* special public defender, for the appellant (defendant).

*Michael A. Fasano,* special assistant state's attorney, with whom were *Peter D. Markle,* assistant state's attorney, and, on the brief, *John Connelly,* state's attorney, *Bradford J. Ward,* assistant state's attorney, and *Joseph A. Geremia, Jr.,* for the appellee (state).

BIELUCH, J. The defendant appeals from the judgment of conviction rendered against him in accordance with the jury's verdict of guilty of robbery in the first degree, a violation of General Statutes § 53a-134 (a) (2), and assault in the first degree, a violation of General Statutes § 53a-59 (a) (3). The defendant's sole claim is that the trial court erred in allowing the jury to consider theories of criminal liability not substantially alleged in the bill of particulars. He concludes, therefore, that the court erred in denying his motions in arrest of judgment and for a new trial based on that ground. We find error.

The jury could reasonably have found the following facts. On April 18, 1985, the defendant was charged by information with the crimes of robbery in the first degree, a violation of General Statutes § 53a-134,[1] and assault in the first degree, a violation of General Statutes § 53a-59.[2] On October 9, 1985, a substitute infor-

---

[1] "[General Statutes] Sec. 53a-134. ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to any person who is not a participant in the crime; or (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument; or (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime.

"(b) Robbery in the first degree is a class B felony provided any person found guilty under subdivision (2) of subsection (a) shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

[2] "[General Statutes] Sec. 53a-59. ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to disfigure another person

mation was filed which specified the two counts against the defendant as violations of General Statutes § 53a-134 (a) (2), and General Statutes § 53a-59 (a) (3), respectively. The defendant pleaded not guilty to the substitute information and elected a trial by jury.

On October 11, 1985, the state filed a bill of particulars, pursuant to the defendant's request. The defendant's motion for a bill of particulars requested that the information state: (1) the specific nature of the offense or offenses with which the defendant is charged; (2) the time, place and manner in which this offense was committed; (3) the specific acts performed by the defendant which constitute all necessary elements of the crime charged; (4) the general circumstances surrounding the alleged crime; (5) the date and time of said alleged violation and the section of the Connecticut General Statutes violated; (6) the name or names and addresses of all persons the state alleges were involved in said violation.

The bill of particulars alleged the following: "The defendant, Carl Steve, is charged with the crime of Robbery in the First Degree in violation of Section 53a-134 (a) (2) of the Connecticut General Statutes, in that on or about April 13, 1985, at or near 185 Walnut Street in the city of Waterbury at approximately 4:00 p.m., the defendant, in the course of committing a larceny used physical force upon another person, to wit: Scott Doyle, for the purpose of compelling the owner

seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person.

"(b) Assault in the first degree is a class B felony provided any person found guilty under subdivision (1) of subsection (a) shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

of such property, Scott Doyle, to deliver up the property and to prevent or overcome resistance to the taking of the property, and the defendant was armed with a deadly weapon. The defendant, Carl Steve, is charged with the crime of Assault in the First Degree in violation of Section 53a-59 (a) (3) of the Connecticut General Statutes, in that on or about April 13, 1985, at or near 185 Walnut Street in the city of Waterbury at approximately 4:00 p.m., the defendant under circumstances evincing an extreme indifference to human life recklessly engaged in conduct which created a risk of death to another person, to wit: Scott Doyle, and thereby caused serious physical injury to Scott Doyle."

After the state concluded the presentation of evidence in its case-in-chief, the defendant took the stand in his own defense and testified that a second person, Jeff Manson, had actually done the shooting and taken the victim's property and that he, the defendant, did not participate. This story was corroborated in part by a second witness who testified that she saw the defendant and Manson together moments after the incident and that Manson was carrying a handgun and bragging about robbing and shooting a "white dude." She testified that while Manson was talking, the defendant sat silently and made no comment.

After the close of all the evidence, the court charged the jury on the theory of aiding and abetting; see General Statutes § 53a-8; as to both charges contained in the substitute information. The jury returned a verdict of guilty to both of those charges. Thereafter, the defendant filed motions for judgment of acquittal, for a new trial, and in arrest of judgment. In the motion for judgment of acquittal, the defendant claimed that the evidence presented did not permit a finding of guilt beyond a reasonable doubt of the charges contained in the substitute information. The defendant's motions for a new trial and in arrest of judgment alleged that the

court's charge allowed the jury to consider facts and crimes outside the scope of the bill of particulars. The defendant's motions were denied by the court and the defendant was sentenced accordingly.

The defendant claims on appeal that the court erred when, upon the request of the jury on the second day of its deliberations, it instructed the jury that "robbery becomes robbery in the first degree when the physical force involved includes a participant, the defendant or participant, being armed with a deadly weapon." At the beginning of the third day of deliberations, the court again instructed the jury that "[r]obbery in the first degree contemplates that property is taken from another person and physical force is used, and the defendant or another participant is armed with a deadly weapon, as I have defined that for you. In other words, under robbery one, all participants are guilty if any one of the participants is armed with a deadly weapon."

These instructions were excepted to, and the defendant claims on appeal that they went beyond the scope of the allegations in the bill of particulars which alleged that the defendant used physical force upon another person for the purpose of committing the larceny, and that "the defendant was armed with a deadly weapon."

The defendant further alleges a similar error in the court's charge to the jury on assault in the first degree. General Statutes § 53a-59; see footnote 2, supra. In its original charge to the jurors, the court instructed them that they could convict the defendant of assault in the first degree if he solicited, requested, commanded, importuned, or intentionally aided another person to engage in conduct which constitutes the offense of assault in the first degree under § 53a-59. The court instructed the jury that "if you should find that the accused did any one of those things specified in this statute, he is, in the law, just as guilty of the crimes

charged as though he had directly committed them or directly participated in their commission." Again, the defendant duly excepted to the court's instructions, claiming that they went beyond the scope of the contents of the bill of particulars.

"A bill of particulars does not exist in a vacuum; it must be read with the information which the defendant asked be particularized. *State* v. *Coleman,* 167 Conn. 260, 268–69, 355 A.2d 11 (1974); see *State* v. *Ballas,* 180 Conn. 662, 664, 433 A.2d 989 (1980). ' "The office of a bill of particulars is to supply both the accused and the court *additional* information concerning an accusation that the defendant has committed an act or acts constituting a criminal offense." (Emphasis added.) 41 Am. Jur. 2d, Indictments and Informations, § 163.' *State* v. *Coleman,* supra, 269. If we consider the bill of particulars in conjunction with the information, 'the test to be applied is as follows: "[I]f the state's pleadings . . . informed the defendant of the charge against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and were definite enough to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense, they have performed their constitutional duty. . . ." (Citations omitted.) *State* v. *Sumner,* 178 Conn. 163, 168, 422 A.2d 299 (1979).' *State* v. *Ballas,* supra, 664." *State* v. *Roque,* 190 Conn. 143, 154, 460 A.2d 26 (1983).

" 'The bill of particulars does not become part of the [information]. See 4 Wharton, Criminal Law and Procedure, § 1870. See generally 41 Am. Jur. 2d, Indictments and Informations, §§ 163–165.' *State* v. *Glass,* 107 R.I. 86, 92, 265 A.2d 324 (1970). It does, however, limit the state to proving that the defendant committed an offense 'in substantially the manner described.' *State* v. *Ruiz,* 171 Conn. 264, 270, 368 A.2d 222 (1976); see *State* v. *DiLorenzo,* 138 Conn. 281, 284, 83 A.2d 479

(1951); *State* v. *Scott,* 80 Conn. 317, 321, 68 A. 258 (1907)." *State* v. *Roque,* supra, 154–55. It is the defendant's burden on appeal to demonstrate that he was in fact prejudiced in his defense on the merits and that substantial injustice was done to him because of the language of the state's pleading. Id., 156.

We find that the court's charge to the jury was not in substantial conformity with the facts alleged in the state's bill of particulars. The bill of particulars alleged that the defendant used physical force upon the victim and that the defendant was armed with a deadly weapon. The jury was charged, however, that it could find the defendant guilty even if it found that the defendant did not use physical force upon the victim and was not the person armed with the gun. The disparity between the limiting allegations of the bill of particulars and the scope of the trial court's charge is substantial. Cf. *State* v. *Killenger,* 193 Conn. 48, 475 A.2d 276 (1984) (when the pleadings alleged the defendant struck the victim with a hammer, no material variance found where the evidence indicated that a flashlight was used); *State* v. *Roque,* supra (bill of particulars which accused the defendant of "taking part in" a prison riot was sufficient notice of allegations in original information to defend on the charge of rioting at a correctional institution). In the present case, the charge on accessory liability as to both counts was not in substantial conformity with the allegation that the defendant was the principal of each crime and the trial court erred in charging the jury on that theory.

Where the court's charge was not in substantial conformity with the pleadings, it is the defendant's burden to demonstrate that he was in fact prejudiced in the merits of his defense. It is clear that the presentation of his defense relied upon the state's claim that the defendant was in fact the principal of each crime.

We find that the defendant's reliance upon the state's pleadings was justified in this case.

Although we acknowledge that a defendant may be convicted on a theory of accessory liability even where he has not been formally charged by information with such; see *State* v. *Crump,* 201 Conn. 489, 493, 518 A.2d 378 (1986); the defendant specifically requested that the state particularize the "manner in which" the defendant committed the offenses charged, and the identification by "name or names and addresses of all persons the State alleges were involved in said [offenses]." After the state filed its bill of particulars, the defendant orally requested in court that the state give additional detail as to the reckless conduct that the defendant allegedly engaged in that resulted in serious physical injury for proof of assault in the first degree. See General Statutes § 53a-59; footnote 2, supra. The assistant state's attorney replied that if he were ordered to amend the bill of particulars, he would do so by alleging that the defendant "recklessly engaged in conduct to wit: possessing a loaded weapon and holding it to the stomach of the person of the victim, Scott Doyle . . . thereby causing physical injury by shooting Scott Doyle." In view of the assistant state's attorney's statement, the trial court denied the defendant's request, asserting "you know that the state is alleging that the conduct which was engaged in, was creating a risk of death, was the use of a hangun . . . because that is pretty much alleged in the first Bill of Particulars . . . and does not have to be amended. . . . The record makes it clear what the basis of the charge and Bill of Particulars is."

On the basis of the foregoing, we find that the state's failure to afford the defendant timely notice that it would proceed upon a theory of accessory liability substantially prejudiced the defendant in his defense as to both charges. In light of the state's particulariza-

tion of the offenses, both in its bill of particulars and in its representation up until the close of the evidence, the defendant was justified in believing that the state was not proceeding upon the theory of accessory liability and in relying upon the prior expressed particularization of the two charges.

The state makes the further claim that because the defendant was convicted on the substantive counts as alleged in the information and the bill of particulars, any error was rendered harmless. See, e.g., *State* v. *Ignatowski,* 10 Conn. App. 709, 715, 525 A.2d 542 (1987). In reviewing the state's claim, we must first establish which party bears the burden of proof on this issue.

"Due process requires that a criminal defendant be given notice of the specific charge against him and an opportunity to defend against that charge." *State* v. *Franko,* 199 Conn. 481, 491–92, 508 A.2d 22 (1986). Where a defendant is prejudiced by being charged with a substantially different crime after the commencement of trial, his due process rights are violated. See id., 492. Where a defendant is charged with an offense, he is on notice that he may be convicted as an accessory and a charge on accessory liability under General Statutes § 53a-8 does not ordinarily constitute a substantially different offense. See, e.g., *State* v. *Crump,* supra, 495. In a case such as this, however, where the state's pleadings affirmatively indicated that the defendant was being prosecuted as the principal and the issue of accessory liability arose only after the defendant had presented his case in obvious reliance upon the fact that he was being tried as a principal, we find that the jury was instructed to consider a theory of liability of which the defendant had no fair notice and which was beyond the scope of the state's pleadings. See *State* v. *Belton,* 190 Conn. 496, 501–502, 461 A.2d 973 (1983) (where information charged that defendant "entered a build-

ing unlawfully," it was error of constitutional dimension for the court to instruct that he could be found guilty if they found he entered "or remain[ed] unlawfully" in the building). The state, therefore, bears the burden of proving that the error was harmless beyond a reasonable doubt. *State* v. *Cohane,* 193 Conn. 474, 484–85, 479 A.2d 763, cert. denied, 469 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984); *State* v. *Belton,* supra, 503–504.

We find that the state has not met this burden here. It is clear from the defendant's strategy at trial and the objections he made before the trial court as already discussed, that the defendant relied upon the accuracy of the state's pleadings. The state in its brief admits that since the defendant never asked that the jury be polled as to the basis of its verdict, "the defendant has failed to show whether the jury actually rendered a conviction based on a theory of accessorial liability, or on the defendant being the principal offender." The state, however, concedes that "[o]f vital significance is that the jury did in fact return a verdict on the substantive count as alleged in the information and the bill of particulars."[3] Because of the substantial variance between the pleadings relied on by the defendant and the court's charge leading to the verdicts, we cannot find the error to be harmless beyond a reasonable doubt. See *State* v. *Belton,* supra, 504.

The defendant raises an alternate argument upon which his conviction should be overturned under the

---

[3] We note that the defendant has not challenged the sufficiency of the evidence presented at trial as inadequate to support his convictions. Conversely, we note that this is not such a case, as alleged by the state, that the overwhelming evidence against the defendant renders the court's error harmless beyond a reasonable doubt. See *State* v. *Turcio,* 178 Conn. 116, 140, 422 A.2d 749 (1979), cert. denied, 444 U.S. 1013, 100 S. Ct. 661, 62 L. Ed. 2d 642 (1980); see also *Rose* v. *Clark,* 478 U.S. 570, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986); *State* v. *Dullivan,* 10 Conn. App. 474, 523 A.2d 1353 (1987).

plain error doctrine. See Practice Book § 4185; *State v. Kitt,* 8 Conn. App. 478, 489, 513 A.2d 731, cert. denied, 202 Conn. 801, 518 A.2d 648 (1986). He argues that one cannot be an accessory to a crime requiring a reckless or negligent mental state. While we need not rule on this alternate ground, it appears that the Supreme Court has recently decided this issue against the defendant. See *State v. Foster,* 202 Conn. 520, 522 A.2d 277 (1987).

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.