STATE OF CONNECTICUT *v.* GARY LEE
(AC 23551)

Lavery, C. J., and Foti and Schaller, Js.

324

Argued September 23—officially released December 7, 2004

*Robert E. Byron,* special public defender, for the appellant (defendant).

Rebecca J. Hoffman, certified legal intern, with whom were Marjorie Allen Dauster, senior assistant state's attorney, and, on the brief, James E. Thomas, state's attorney, and Lisa Herskowitz, assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, C. J. The defendant, Gary Lee, appeals from the judgment of conviction, rendered after a jury trial, of assault in the second degree in violation of General Statutes § 53a-60 (a) (1),[1] breach of the peace in violation of General Statutes (Rev. to 1999) § 53a-181 (a) (1) and interfering with an officer in violation of General Statutes § 53a-167a. The charges in this case arose out of a confrontation between the defendant and his friends and another group of people, during which the victim's leg was broken in two places. On appeal, the defendant claims that (1) he was denied the right to due process because he was the victim of a vindictive prosecution, and (2) the court improperly refused to allow him to discharge his privately retained counsel and to substitute a public defender as his attorney. We affirm the judgment of the trial court.

I

The defendant first claims that he was denied the right to due process because he was the victim of a vindictive prosecution.[2] He maintains that the prosecu-

---

[1] Upon agreement of the parties, the defendant's conviction of assault in the third degree in violation of General Statutes § 53a-61 (a) (2) was merged with the conviction of assault in the second degree.

[2] The state argues that the defendant's claim of vindictive prosecution is unpreserved. We disagree. The defendant repeatedly objected to the addition of charges and specifically stated to the court in relevant part: "I'm not filing this [motion for a bill of particulars] to induce more charges, Judge. I, I just want to know what the charges are." During the hearing regarding the defendant's motion to strike the additional charges, defense counsel argued: "First of all, I don't know if it's the state's position that my filing a bill of particulars is to invite further charges against my client. I'd find that very troubling. Filing a bill of particulars is to get information to be informed as to what the charge, what the state intends to charge. I'd . . . consider

tor filed additional charges against him in retaliation for his filing a motion for a bill of particulars, a motion that he had a legal right to make. We disagree.[3]

"Actual vindictiveness must play no part in a prosecutorial or sentencing decision and, since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of his rights, the appearance of vindictiveness must also be avoided." (Internal quotation marks omitted.) *United States* v. *Johnson*, 221 F.3d 83, 94 (2d Cir. 2000), cert. denied, 533 U.S. 953, 121 S. Ct. 2599, 150 L. Ed. 2d 757 (2001). "A . . . court's factual findings on prosecutorial vindictiveness are reviewed for clear error and the legal principles which guide the . . . court are reviewed de novo." (Internal quotation marks omitted.) *United States* v. *Johnson*, 171 F.3d 139, 140 (2d Cir. 1999).

"Before the commencement of trial, a prosecutor has broad authority to amend an information under Practice

it a very upsetting prospect that just by filing a motion for further specificity, that thereby I'm asking that more charges be filed against my client. I think that would be outrageous."

[3] Woven into the facts of the defendant's arguments regarding vindictive prosecution were objections to actions taken by the court prior to trial. At the time the defendant rejected the prosecutor's plea offer, the court stated: "All right. That's fine. Mr. Lee, I think that it's appropriate that you go to trial on these matters. I think it's appropriate that you be given the opportunity to prove that you're innocent of these particular charges. *I also think it's appropriate, if you're found guilty, that you receive a much more severe sentence than what I offered to resolve the case here today.* I also want you to understand that if you begin picking—once you leave here today and you come back and say, gee, I made a mistake. I think I better take that before I go to trial, that offer is gone. All right. You're looking at a much more severe sentence even from me. I want that understood." (Emphasis added.)

It is appropriate for the court to ensure that a defendant understands the penalties he is facing if he elects to go to trial. See Practice Book § 39-19. It is not, however, appropriate to threaten the defendant with a more severe sentence. Rather, it is appropriate to inform him only that he potentially faces such a sentence. Although we note that impropriety, we conclude that the court's statements were harmless given that the defendant maintained his rejection of the offer, and that a different judge presided over the trial and at sentencing.

Book § 623 [now § 36-17]. Once the trial has started, however, the prosecutor is constrained by the provisions of Practice Book § 624 [now § 36-18]. . . . This court has held that for purposes of Practice Book §§ 623 [now § 36-17] and 624 [now § 36-18], a criminal trial begins with the voir dire of the prospective jurors."[4] (Citation omitted; internal quotation marks omitted.) *State* v. *Phillips*, 67 Conn. App. 535, 539, 787 A.2d 616 (2002). Because of the constraints imposed on a prosecutor's ability to add charges to the information depending on their timing, we must conduct a separate analysis for the charge added before the commencement of trial and for the charges added after the voir dire of the prospective jury.

A

The prosecutor added the charge of interfering with an officer before the trial commenced.[5] "A presumption of vindictiveness generally does not arise in a pretrial setting." *United States* v. *Sanders*, 211 F.3d 711, 717

[4] Practice Book § 36-17 provides that "[i]f the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information. Upon motion of the defendant, the judicial authority, in its discretion, may strike the amendment or added counts or substitute information, if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced."

Practice Book § 36-18 provides that "[a]fter commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant."

[5] The defendant suggests that it is not known whether the charge was added before the voir dire of the prospective jurors. A review of the record shows that the discussion of the charge happened before the prospective jurors entered the courtroom, and the court included the charge in its opening statement to the potential jurors. The court, itself, later stated: "The state filed a substitute information Tuesday morning, before we started picking the first jury, adding a count of [interfering with a police officer], isn't that correct?" The charge of interfering with an officer, therefore, was added before the commencement of trial.

(2d Cir.), cert. denied, 531 U.S. 1015, 121 S. Ct. 574, 148 L. Ed. 2d 491 (2000). Therefore, the defendant must show actual vindictiveness on the part of the prosecutor. "To establish an actual vindictive motive, a defendant must prove objectively that the prosecutor's charging decision was a direct and unjustifiable penalty . . . that resulted solely from the defendant's exercise of a protected legal right . . . . Put another way, the defendant must show that (1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a stalking horse, and (2) [the defendant] would not have been prosecuted except for the animus." (Citations omitted; internal quotation marks omitted.) Id., 716–17.

The defendant argues that the charge of interfering with an officer was added to the information in retaliation for his filing a motion for a bill of particulars. After reviewing the record, we do not believe this to be a case of vindictive prosecution. The charge was added a short time before the voir dire of the prospective jury began. That timing was not unusual insofar as it was the last opportunity the prosecutor had to add charges before the trial commenced, and all future substitutions had to meet the stricter requirements of Practice Book § 36-18. Additionally, as explained by the prosecutor, when a bill of particulars is requested, the state typically must go over the file and, as a result, may add new charges that come to light. Because the prosecutor was not informed of jury selection and only received notice of the bill of particulars moments before the commencement of trial, in keeping with the usual practice, the prosecutor added a charge she thought was appropriate and that would have emerged had she had the time and opportunity to review the case file. That the charge was warranted is evidenced by the jury's finding the evidence was sufficient to convict the defendant of it.

We conclude that the charge of interfering with a police officer was filed in accordance with Practice Book § 36-17 and therefore was not improper.

B

After the trial had commenced, the state filed another substitute information, adding the charges of assault in the second degree, assault in the third degree and carrying a dangerous weapon.[6] "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. . . ." Practice Book § 36-18.

The defendant already had been charged with assault in the second degree as a principal. The added charge of assault in the second degree was as an accessory. The court stated that "accessory liability is not a substantive offense under our statutes." The court also found that the charge of assault in the third degree merely was a lesser offense included within the existing charge of assault in the second degree. Therefore, the court determined that the new charges were not additional offenses or different from those originally charged and that no substantive rights of the defendant were being prejudiced.

When charged with a given offense, defendants are on notice that they may be convicted as an accessory or of a lesser included offense, neither of which constitutes an additional offense or one that is different from those charged for the purposes of trial. See *State* v. *Ward*, 76 Conn. App. 779, 795, 821 A.2d 822, cert. denied, 264 Conn. 918, 826 A.2d 1160 (2003); *State* v. *Vasquez*,

[6] The court found that the charge of carrying a dangerous weapon was a new and different offense added after the commencement of trial. Therefore, the court granted the defendant's motion to strike that charge.

68 Conn. App. 194, 215, 792 A.2d 856 (2002). Therefore, charges concerning lesser included offenses or accessory liability may be added by substitute information without there being a violation of Practice Book § 36-18. Nothing in the record suggests that the defendant did not have adequate notice of the charges against which he had to defend. He did not show that he was unfairly surprised. His only argument is that he was deprived of a substantive right because of vindictive prosecution.

During argument regarding the defendant's motion to strike, the prosecutor stated that she normally adds accessory liability and lesser included offenses when she is required to create a bill of particulars. That was not in retaliation for the filing of the motion, but rather a manifestation of her belief that without the addition of those charges, the defendant would not have notice of them and the state would be precluded from arguing them to the jury. We believe the prosecutor was attempting to abide by the holding in *State* v. *Steve*, 11 Conn. App. 699, 529 A.2d 229 (1987), aff'd, 208 Conn. 38, 544 A.2d 1179 (1988), in which this court determined that "[i]n light of the state's particularization of the offenses, both in its bill of particulars and in its representation up until the close of the evidence, the defendant was justified in believing that the state was not proceeding upon the theory of accessory liability and in relying upon the prior expressed particularization of the two charges." Id., 706–707. The court held that the defendant's conviction on a theory of accessory liability could not stand. Id., 707–708.[7] In this case, the prosecu-

[7] We note that defendants are on notice that they may be convicted of lesser included offenses when charged with a greater offense; *State* v. *Martin*, 187 Conn. 216, 219, 445 A.2d 585 (1982); or convicted as an accessory when charged as a principal. See *State* v. *Morales*, 84 Conn. App. 283, 290–91, 853 A.2d 532, cert. denied, 271 Conn. 928, 859 A.2d 584 (2004). Thus, a prosecutor will not be precluded from attempting to obtain a conviction on those charges even if they are not described as separate charges in the bill of particulars and added in a subsequent substitute information as long as the evidence at trial and the charging documents do not specify particularly that those avenues will not be pursued.

tor merely gave explicit notice of the theories of liability and lesser included offenses she would be pursuing at trial. In light of that explanation by the prosecutor, the defendant has failed to show that the prosecutor added the charges in retaliation for his having filed a motion for a bill of particulars.

## II

We now turn to the defendant's claim that the court improperly refused to allow him to discharge his privately retained counsel and substitute a public defender as his attorney. The defendant argues that this violated his sixth amendment right to assistance of counsel because he had advised the court of a breakdown in the attorney-client relationship. We conclude that the defendant waived any claim that the court should have allowed him to discharge his counsel and, therefore, decline to review his claim.

"Waiver is an intentional relinquishment or abandonment of a known right or privilege. . . . It involves the idea of assent, and assent is an act of understanding. . . . The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct. . . . In order to waive a claim of law it is not necessary . . . that a party be certain of the correctness of the claim and its legal efficacy. It is enough if he knows of the existence of the claim and of its reasonably possible efficacy." (Citations omitted; internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 445–46, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004).

Although the defendant asked the court to discharge and to substitute counsel, he later retracted his request. The defendant first stated to the court: "[I]n light of yesterday, speaking with my lawyer, I would, I need to fire my lawyer, under a conflict of interest. . . . I've spoken with him . . . I met up with him in a grocery

store yesterday and, uh, he's done, he told me new charges had also been brought that I wasn't aware of. And, he says, he's not getting paid, and I tried to fire him before, and he said he had to defend me. And I told him I can't afford him no more. . . . I feel that he's not, he told me several times that I'm holding up his practice. . . . [H]e says he doesn't believe me. I feel that's someone that can't represent me to my best ability, to best ability." When the defendant's counsel entered the courtroom, he was informed by the court that the defendant "has indicated that he wants to discharge you as his attorney." After the court considered the issues involving the substitute information, counsel for the defendant asked for the opportunity to confer with his client. The defendant and his counsel left the courtroom. Upon their return, the following colloquy occurred:

"The Court: Mr. Lee, was there anything you wanted to say before—

"The Defendant: Well, I, can I?

"The Court: Yes. You don't have to say anything if you don't want to. I mean, you expressed some concerns to me before [your attorney] came in the door. If you don't have those concerns anymore after speaking to him this morning or if something else has changed, that's fine. You don't need to say anything.

"The Defendant: Well, with the first, the first time I addressed the court, I talked with my attorney, and I'd like to stop going forward with that.

"The Court: I'm sorry?

"The Defendant: I'd like to stop going forward with what we spoke with about earlier.

"The Court: Okay."

We conclude that the defendant manifested a desire to retain his current attorney when the court inquired as to his concerns regarding his counsel's representation. Because the defendant withdrew his previous request, the court did not have an opportunity to rule on his motion to discharge and to substitute counsel. Accordingly, we decline to review this claim because the defendant expressly waived his objection to the representation by his counsel.

The judgment is affirmed.

In this opinion the other judges concurred